UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKOLAI TARBAKHOV, | CASE NO. C26-0279JLR |
| Petitioner, | ORDER |
| v. | |
| WARDEN OF NORTHWEST DETENTION CENTER, et al., | |
| Respondents. | |

## I.    INTRODUCTION

Before the court is a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Liubov Tarbakhova as next friend of her husband Nikolai Tarbakhov, who is proceeding *in forma pauperis* and *pro se* ("Petitioner").  (Pet. (Dkt. # 5); Traverse (Dkt. # 12); Tarbakhova Decl. (Dkt. # 13) (affirming Mrs. Tarbakhova's marriage to Petitioner); *see also* Tarbakhov Decl. (Dkt. # 14) (sealed), Ex. A (Marriage Certificate).)  The

ORDER - 1

Government[1] opposes the petition and moves to strike the court's scheduling order to allow Mrs. Tarbakhova an opportunity to file a motion establishing her qualifications to act as next friend for Petitioner.  (Return (Dkt. # 8) at 2.)  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully informed, the court GRANTS the petition and DENIES the motion to strike.

## II.    BACKGROUND

Petitioner is a citizen of Russia who entered the United States at or near San Ysidro, California, on September 18, 2023.  (Douglas Decl. (Dkt # 9) ¶ 4.)  The Government granted Petitioner and his family paroled entry and placed him into immigration proceedings in Sacramento, California.  (*Id*. ¶¶ 5-6; Wong Decl. (Dkt. # 10) ¶ 2, Ex. 2 (Notice to Appear).)  Between January 2024 and September 2024, an immigration judge continued Petitioner's case several times so that Petitioner could obtain counsel and because he moved for a change of venue first to New York, New York, and then to Seattle, Washington.  (Douglas Decl. ¶¶ 7-11.)  In September 2024, Petitioner filed for asylum and for withholding of removal.  (*Id*. ¶ 10.)  Petitioner's next master hearing is scheduled for April 5, 2028, in Seattle, Washington.  (*Id*. ¶ 11.)

The Government represents that Enforcement and Removal Operations ("ERO") did not grant Petitioner approval to leave the state of New York.  (*Id*. ¶ 12.)  On January 11, 2026, DHS agents placed Petitioner in custody at the Northwest ICE Processing

---

[1] The federal Respondents are Laura Hermosillo, Acting Field Office Director for the Seattle Field Office of Immigration and Customs Enforcement ("ICE") and Secretary of the Department of Homeland Security ("DHS") (together, the "Government").  (*See* Pet. at 1.)

ORDER - 2

Center ("NWIPC") where he has since remained. (*Id.* ¶¶ 13, 15; Wong Decl. ¶ 2, Ex. 1 (I-213); *id.*, Ex. 3 (Warrant).)

On February 5, 2026, Mrs. Tarbakhova filed the instant petition as next friend of Petitioner asserting that the Government's continued detention of Petitioner violates his due process rights and is unlawful under 28 U.S.C. § 2241. (Pet. at 2.) The petition requests three forms of relief: (1) that the Government state its basis for detaining Petitioner, (2) an immediate bond hearing before a neutral decision-maker, or (3) Petitioner's immediate release from detention. (*Id.*) Briefing is complete and the petition is ripe for the court's review.

### III.    ANALYSIS

The court first addresses the Government's motion to strike before turning to the merits of the petition.

**A.    The Government's Motion to Strike is Denied.**

The Supreme Court has held that a third party may file a petition for writ of habeas corpus on behalf of a noncitizen by invoking "next friend" status. *Whitmore v. Arkansas*, 495 U.S. 149, 161-64 (1990) ("A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest.") (citations omitted). Relatedly, the Ninth Circuit has set forth that to establish next friend standing a "putative next friend must show" that she "has some significant relationship with, and is truly dedicated to the best interests of, the plaintiff." *Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159-60 (9th Cir. 2002) (quoting *Massie ex rel. Kroll v. Woodford*,

ORDER - 3

244 F. 3d 1192, 1194 (9th Cir. 2001)) (compiling cases in which the court granted next friend status to third parties on behalf of prisoners and other detained persons).  The requirements to show the requisite relationship are not "static" and "must necessarily adapt to the circumstances facing each individual [plaintiff][,]" *id*. at 1162, but generally require that the putative next friend "provide an adequate explanation – such as inaccessibility, mental incompetence or other disability – as to why the real party in interest cannot appear on his own behalf to prosecute the action[,]" *id*. at 1159 (quoting *Whitmore*, 495 U.S. at 163); *Naruto v. Slater*, 888 F. 3d 418, 430 (9th Cir. 2018).

Here, Mrs. Tarbakhova grounds her next friend status in her marriage to Petitioner, his current status as a person in federal custody at NWIPC, and his limited English language skills and lack of access to technology that preclude self-advocacy. (Tarbakhova Decl. ¶¶ 3-5.)  She has adduced evidence of a legal marriage to Petitioner and that they share a child together.  (Marriage Certificate; Tarbakhova Decl. ¶ 3.)  The court has no doubt that the relationship is "significant" and that she is "truly dedicated to the best interests of [] the petitioner." *Naruto*, 888 F. 3d at 430.  Additionally, there is a lengthy, well-documented history of courts granting next friend status to third parties who advocate on behalf of persons detained by the government, either domestically or abroad. *See Coal. of Clergy, Laws., & Professors*, 310 F.3d at 1159 (compiling cases of this nature).  Thus, on these bases, the court grants Mrs. Tarbakhova next friend status to bring this habeas action on behalf of Petitioner.  Consequently, the court denies the Government's motion to strike.

ORDER - 4

**B.     The Government's Continued Detention of Petitioner is Unlawful.**

The INA permits detention of noncitizens present in the United States during immigration proceedings.  8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a).  Although § 1225(b) requires mandatory detention for certain noncitizens "seeking entry" into the United States, *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018), all persons, regardless of their immigration status, are entitled to due process under the Fifth Amendment, *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  Thus, even when the government believes it has a lawful basis for detaining a noncitizen, it remains subject to the requirement to effectuate that detention in a manner that comports with due process.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320 (W.D. Wash. 2025) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)).

The Parole Statute provides the Secretary of Homeland Security with discretion to grant parole on a case-by-case basis for "urgent humanitarian reasons or significant public benefit [.]"  8 U.S.C. § 1182(d)(5)(A).  When the Secretary grants a noncitizen entry to the United States on parole, such:

> [r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.  Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings.  Rather, the federal agents must be able to present evidence of materially changed circumstances—namely,

ORDER - 5

evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

DHS's decision to revoke a noncitizen's parole under § 1182(d)(5)(A) must be made on an individualized basis and carried out only after the purposes of the parole have been served. *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1138 (D. Or. 2025) ("Common sense suggests . . . that parole given only on a case-by-case basis is to be terminated only on such a basis.") (citation omitted); *see also* 8 U.S.C. § 1182(d)(5)(A) (stating that once parole is granted, DHS may only terminate parole "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served").

Here, the court concludes that the Government (1) revoked Petitioner's parole and brought him into federal custody without adequate consideration of the individualized facts and circumstances, including the absence of changes that justify revocation of his parole, and (2) re-detained him without the lawful authority of persons authorized to revoke his release, both of which violate his rights under the Fifth Amendment.

The Government does not contest that Petitioner has no arrests or criminal history in the United States. (Pet. at 1; *see generally* Return); *see Saravia*, 280 F. Supp. 3d at 1176. In fact, the record demonstrates that, from the time Petitioner was present in the United States, he has fully complied with the relevant immigration procedures. (Traverse at 1; *see also* Douglas Decl. ¶¶ 7-11 (documenting Petitioner's impeccable history of

ORDER - 6

compliance with immigration proceedings, including appearing for all hearings before an immigration judge and requesting continuances to obtain counsel, change venue, and apply for asylum).)  Moreover, the Government does not assert that they revoked Petitioner's parole because the DHS Secretary determined that the purposes of the parole have been served.  (*See generally* Return.)

In response, the Government argues that because Petitioner is subject to mandatory detention under § 1225(b)(2) and because he did not inform ERO of his relocation, his re-detention is lawful. (*See* Return at 7.)  The court rejects this argument.  Regardless of the reason for Petitioner's detention, the Government remains subject to an obligation to "effectuate [his] detention in a manner that comports with due process." *See E.A. T.-B.*, 795 F. Supp. 3d at 1322.

## IV.   CONCLUSION

For the reasons above, the court GRANTS the petition for writ of habeas corpus (Dkt. # 5).  The court ORDERS as follows:

(1) Respondents' motion to strike (Dkt. # 8) is DENIED;

(2) Respondents are ORDERED to immediately release Petitioner from custody;

(3) Respondents are ORDERED to file, by no later than **48 hours** after the issuance of this order, an affidavit confirming that Petitioner has been released from custody.

Dated this 9th day of March, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 7